ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/21

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -X
ANKURA CONSULTING GROUP, LLC

                    Plaintiff,           21 Civ. 5303 (LLS)

        - against -                            ORDER

BARRY BERNSTEN and KATHY BERNSTEN,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - -X
```

Plaintiff invokes this court's diversity jurisdiction under 28 U.S.C. § 1332. Courts must "raise the question of subject matter jurisdiction sua sponte whenever it appears from the pleadings or otherwise that jurisdiction is lacking." John Birch Soc. v. Nat'l Broad. Co., 377 F.2d 194, 199 (2d Cir. 1967) (citations omitted).

For the reasons that follow, the complaint does not adequately allege the existence of diversity jurisdiction. Accordingly, plaintiff is directed to file, on or before November 15, 2021, an amended complaint or affidavit adequately establishing the existence of subject-matter jurisdiction, or the action may be dismissed without further notice.

**Discussion**

To assert diversity jurisdiction, plaintiff must allege that its citizenship is wholly distinct from its adversary. See 28 U.S.C. § 1332 (granting district courts jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state"). An individual, for the purpose of diversity jurisdiction,

is a citizen of a State if he is "both a citizen of the United States and [is] domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 828 (1989). "[A] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens," and thus is insufficient to invoke diversity jurisdiction. John Birch Soc., 377 F.2d at 199; see also Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 567 (2d Cir. 2000).

The complaint alleges only that defendants are individuals "residing in the State of Florida." Compl. ¶¶ 3,4. To properly establish jurisdiction, plaintiff must instead establish the state of domicile and U.S. citizenship of each of the individual defendants.

A limited liability company takes the citizenship of each of its members for diversity purposes. Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012). Thus, "[a] complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc., No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010), citing Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000).

The complaint alleges that plaintiff "is a limited liability company organized and existing under the laws of the State of Delaware and is authorized and registered to do business in the State of New York, with a principal place of business" in New York. Compl. ¶ 2. The complaint does not state the LLC's members. Nor does it allege the citizenship of such missing members. Therefore, the complaint does not adequately allege the existence of diversity jurisdiction.

### Conclusion

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1332. Plaintiff shall file, on or before November 15, 2021, an amended complaint or affidavit adequately establishing its members' citizenship and defendants' citizenship, or the action may be dismissed without further notice, for lack of subject-matter jurisdiction.

So ordered.

Dated:   New York, New York
         October 25, 2021

                                                  *Louis L. Stanton*
                                                 LOUIS L. STANTON
                                                     U.S.D.J.